IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY RAY ASHLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 00-4261-JPG |
| ) | Crim. No. 92-40065-JPG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on petitioner's motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 28). In this motion, Ashley seeks reconsideration of this Court's denial of his 28 U.S.C. § 2255 motion (Doc. 17).

**BACKGROUND**

This Court denied Ashley's § 2255 motion on December 4, 2001, finding that Ashley's *Apprendi* arguments were without merit because the court sentenced him to a period of imprisonment below the statutory maximum for his crime, that Ashley failed to demonstrate cause for or prejudice from his procedural default and that his motion was time-barred. (*Id*.). In his Rule 60(b) motion, Ashley claims the Court mistakenly determined that his motion was time-barred and that his claims were not subject to procedural default. In support of these propositions, Ashley directs the Court's attention to the Supreme Court's decision in *Dodd v. United States*, 125 S.Ct. 2478 (2005). Ashley also argues the Court's determinations on the *Apprendi* arguments raised in his § 2255 were incorrect. Thus, Ashley believes the Court should reconsider its prior ruling on his § 2255, reverse its position, and vacate his sentence under *Apprendi*.

1

## ANALYSIS

As Ashley's motion is denominated as one under Rule 60(b), the Court must consider the Supreme Court's recent decision in *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005). On its face, that case is distinguishable from the present case, because Ashley's original habeas corpus petition was filed pursuant to § 2255, whereas *Gonzales* dealt with a Rule 60(b) motion filed with respect to the denial of a petition seeking vacatur of a state court conviction. *Gonzalez*, 125 S.Ct. at 2645, 2646 n.3 (noting the similarity between §§ 2254 and 2255, but restricting its discussion to § 2254 cases). Nonetheless, *Gonzales* bears consideration here. Writing for the majority, Justice Scalia noted that a motion under Rule 60(b) containing certain claims – such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim – "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [§ 2254]." *Id*. In so finding, the Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002) (finding that § 2244(b)(2) and § 2255 ¶ 8 bar a district court from using a Rule 60(b) motion "to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught.").

The Supreme Court in *Gonzales*, in the same way as the Seventh Circuit in *Dunlap*, recognized that certain issues presented in Rule 60(b) motions do not merit construal as successive petitions. *Gonzales*, 125 S.Ct. at 2648; *Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . .[not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court. . . ."). Whether a Rule 60(b) motion is properly considered a

successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 125 S.Ct, at 2648. The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. In those cases – cases where no "claim" is presented – "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id*. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. Finding that Gonzales' argument in his Rule 60(b) motion – challenging the district court's ruling on an AEDPA statute of limitations issue – was not a "claim", the Court considered the merits of his motion, and denied it because he failed to set forth an "extraordinary circumstance" justifying relief. *Gonzales*, 125 S.Ct. at 2650.

After considering *Gonzales*, the Court believes that construing Ashley's motion as a successive petition is the proper course of action. In the first place, the Court did not deny Ashley's claim without addressing the merits. It specifically found that Ashley did not have a constitutional claim under *Apprendi* because the Court sentenced him to a term of imprisonment less than the statutory maximum for his crime. As the Court previously stated, Ashley's motion essentially contains three arguments. Under *Gonzales*, Ashley's first argument, attacking the Court's application of the statute of limitations, would seem to be the proper subject of a Rule 60(b) motion. If Ashley had presented that argument alone and the Court had not ruled on the merits of his claim in its denial of his original § 2255, perhaps a ruling on the merits of his motion would be appropriate. However, the Court decided his initial § 2255 on the merits, and, at its heart, Ashley's

3

motion stands or falls on his *Apprendi* arguments. If the Court were to reexamine the merits of its decision on his initial § 2255, and determine that it was indeed incorrect in its determinations on the statute of limitations and procedural default issues presented, then the Court would still be left with Ashley's *Apprendi* claim. Thus, at its heart, his Rule 60(b) motion presents the very claim the Court denied in his original § 2255. The only appropriate method for seeking this relief is under § 2255. As Ashley has already filed one § 2255, this motion is, in substance, a successive collateral attack. Ashley has failed to show that he has been granted leave to file a successive habeas corpus petition, so the Court must dismiss this action for want of jurisdiction. 28 U.S.C. § 2255; *Nunez v. United States*, 96 F.3d 990, 997 (7th. Cir. 1996).

## CONCLUSION

The Court construes Ashley's Rule 60(b) motion as a successive collateral attack and **DISMISSES** his motion (Doc. 28) for want of jurisdiction.

**IT IS SO ORDERED**

**DATED: February 13, 2006.**

                                                     /s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **U.S. District Judge**